Citation Nr: 1339300 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 11-00 485 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUE

Entitlement to service connection for bilateral hearing loss. 


REPRESENTATION

Veteran represented by: The American Legion


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

S. Dale, Counsel


INTRODUCTION

The Veteran served on active duty from March 1959 to March 1963 with additional service in the United States Naval Reserve. 

This matter comes before the Board of Veterans' Appeals (BVA or Board) on appeal from a January 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota. 

In July 2011, the Board remanded the Veteran's bilateral hearing loss claim in order to provide him an opportunity to present oral testimony in support of his claim. An October 2011 hearing was conducted by the undersigned Veterans Law Judge (VLJ) of the Board, pursuant to the Board's July 2011 directive. As such, the Board's prior remand directive has been substantially completed. Stegall v. West, 11 Vet. App. 268 (1998); D'Aries v. Peake, 22 Vet. App. 97 (2008) (holding that only substantial, and not strict compliance with the terms of a remand request, is required); Dyment v. West, 13 Vet. App. 141, 146-47 (holding that there was no Stegall violation when the examiner made the ultimate determination required by the Board's remand, because such determination more than substantially complied with the Board's remand order). 

Although the Veteran's bilateral middle ear (eustachian tube) disability claim was discussed at the October 2011 Board hearing, the acceptance of such testimony did not constitute acceptance of jurisdiction of that matter. In this regard, the Board notes that the Veteran had not perfected a timely appeal with respect to this issue, following issuance of a statement of the case. Indeed, his substantive appeal received in December 2010 was expressly limited to the claim for service connection for bilateral hearing loss. As such, the bilateral middle ear (eustachian tube) disability issue is not for appellate consideration by the Board. 

After the October 2011 Board hearing, the Veteran submitted additional written evidence with a written waiver of RO consideration. 38 C.F.R. §§ 19.9, 20.1304(c) (2012).

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the Veteran if further action is required.


REMAND

After review of the complete record, the Board concludes that additional development is necessary in order for VA to fulfill its duty to assist the Veteran. 

The record before the Board is comprised of the Veteran's paper claims file and electronic Virtual VA file. However, there is an indication that the record before the Board is not complete. Specifically, the electronic Virtual VA file includes an April 2012 rating decision, denying another claim filed by the Veteran, which references evidence that is not associated with the paper claims file or electronic Virtual VA file. As these documents are not available for review, the Board is unaware of their contents, to include whether they are pertinent to claim before the Board. 

In light of above, it appears that a temporary file has been created by and maintained at the RO, and thus, the Board is without the benefit of the complete record for review at this time. The evidence in this temporary file may affect the Veteran's claim on appeal. On remand, the temporary file must be associated with the paper claims file so that the complete record may be reviewed in connection with appellate adjudication of the issue. 

Further, there is an indication that there are outstanding private treatment records which are pertinent to the Veteran's claim. At the October 2011 hearing, the Veteran testified that he received treatment for his middle ear disability at the Mayo Clinic in the 1970's. (See the October 2011 hearing transcript at page 10.) The earliest treatment record from the Mayo Clinic associated with the record is dated in May 1986. In light of above, on remand, the RO/AMC must request that the Veteran identify and submit a completed authorization for release to VA to all outstanding private treatment records of the Veteran for any ear disability, to include from the Mayo Clinic. In light of the above as well as the forthcoming changes to the 38 U.S.C.A. § 5103A (2)(B), the RO/AMC must make two attempts to obtain any private treatment records identified by the Veteran or make a formal finding that a second request for such records would be futile. See Pub. L. No. 112-154, § 505, 126 Stat. 1165, 1193 (2012).

Accordingly, the case is REMANDED for the following actions:

1. Associate any temporary file, maintained at the RO, with the Veteran's paper claims file, to include the April 2012 rating decision and the evidence referred to therein. 

2. Contact the Veteran and request that he identify all outstanding private treatment records which are pertinent to his claim for service connection for bilateral hearing loss, to include records of treatment for any ear disability at the Mayo Clinic from the 1970's. Provide the Veteran with several VA Forms 21-4142, and instruct him to complete and submit to VA proper authorizations for release to VA of all records of private treatment at the Mayo Clinic in the 1970's as well as any other outstanding private treatment records identified by him. After receiving the completed authorizations for release, undertake all appropriate efforts to attempt to obtain these identified records. In light of the forthcoming changes to the 38 U.S.C.A. § 5103A(2)(B), the RO/AMC must make two attempts for the relevant private treatment records or make a formal findings that a second request for such records would be futile. See Pub. L. No. 112-154, § 505, 126 Stat. 1165, 1193 (2012). All development efforts with respect to this directive should be associated with the claims file. 

3. Thereafter, readjudicate the issue of entitlement to service connection for bilateral hearing loss in light of all of the evidence of record. If the benefit sought is not granted to the fullest extent, issue a Supplemental Statement of the Case and afford the Veteran and his representative an appropriate opportunity to respond. The case should then be returned to the Board for further appellate consideration.

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
U.R. POWELL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).